IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02518-RPM-MEH

BRET STOUDER,

    Plaintiff,

v.

M & A TECHNOLOGY, INC.,
MAGDY ELWANY,

    Defendants/Petitioners,

ASPEN SYSTEMS, INC.,

    Respondent.

---

**ORDER ON MOTION TO COMPEL**

---

Before the Court is a Motion to Compel Third-Party Production filed by Petitioners M & A Technology, Inc. and Magdy Elwany [filed October 14, 2010; docket #1]. The matter is briefed[1] and has been referred to this Court for disposition. Oral argument would not materially assist the Court in adjudicating the motion. For the reasons that follow, the Court **grants** the motion.

**I.**    **Background**

This discovery issue arises from the refusal of Steve Spring, CEO of Aspen Systems, to respond to two subpoenas (testimony and production) served by Petitioners M & A Technology, Inc. and Magdy Elwany, who are defendants in a breach of employment contract action brought by Bret Stouder in the United States District Court for the District of Kansas. According to Petitioners, Mr.

---

[1]Petitioners filed a certificate of service demonstrating that the motion was served upon Respondent on October 14, 2010 pursuant to Fed. R. Civ. P. 5. Docket #5. However, Respondent failed to respond to the motion within the time required by D.C. Colo. LCivR 7.1C.

Spring refuses to testify or respond on the ground that the information requested – concerning an order placed by Wyle Laboratories – is subject to a nondisclosure agreement between Wyle and Aspen Systems. Declaration of Andrew Funk, October 14, 2010, at ¶¶ 4-7. However, Wyle has disclosed related information requested by Petitioners. *Id.* at ¶ 8. Nevertheless, Mr. Spring apparently will only testify and/or respond to the subpoena if a court orders him to do so. *Id.* at ¶ 5.

## II.     Legal Standard

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties by subpoena. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(c)(1) (2010). If an objection is made, the party serving the subpoena is not entitled to the documents at issue but may, upon notice to the person commanded to produce, seek an order to compel the production. Fed. R. Civ. P. 45(c)(2)(B) (2010). A person withholding subpoenaed information under a claim that it is privileged or subject to protection must expressly make such claim and describe the nature of the withheld documents and/or information in a manner that does not reveal the information itself, but enables the parties to assess the claim. Fed. R. Civ. P. 45(d)(2)(A) (2010). The scope of permissible discovery under Rule 45 is that set forth in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (2010).

Here, on September 24, 2010, Petitioners properly served the subpoena upon Aspen Systems, such that "delivery" of the subpoena was effected. Fed. R. Civ. P. 45(b); *see also* E.A. Renfroe & Co. v. Moran, No. 08-cv-00733-REM-MJW, 2008 WL 1806200, *6 (D. Colo. Apr. 21, 2008). Ten days later, Mr. Spring of Aspen Systems verbally objected to producing certain documents and information protected by a non-disclosure agreement. On notice to Aspen Systems, Petitioners filed the present motion to compel in accordance with Rule 45(c)(2)(B)(i). However, Aspen Systems has failed to respond to the motion.

Typically, the issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. Fed. R. Civ. P. 45(e) (2010). As set forth above, subpoenaed persons withholding information designated as protected must expressly make the claim for protection and must describe the nature of the information withheld. See Fed. R. Civ. P. 45(d)(2)(A). "A person claiming a privilege or protection who fails to provide adequate information about the privilege or protection claim to the party seeking the information is subject to an order to show cause why the person should not be held in contempt under subdivision (e)." Fed. R. Civ. P. 45 advisory committee's note (1991). While Aspen Systems expressed its claim for protection to Petitioners, there is no indication whether Aspen Systems has provided Petitioners with sufficient information to assess the claim; thus, there is insufficient information by which to determine whether a Rule 45(e) sanction is proper.

Nevertheless, the Court has reviewed the subpoenas and the attached requests for documents, and concludes that they are relevant and fall within the scope of proper discovery. Aspen Systems does not argue otherwise. Further, there are no objections that the requested information is unduly

burdensome or expensive.

Consequently, the Court finds that Aspen Systems is subject to the subpoenas, must designate a party to appear for deposition, and must produce the documents set forth in Attachment A to the subpoenas. Any information determined to be confidential may be designated as such pursuant to the Protective Order issued by the court in the District of Kansas.

### III. CONCLUSION

Accordingly, for the reasons stated above, it is hereby ORDERED that the Motion to Compel Third-Party Production filed by Petitioners M & A Technology, Inc. and Magdy Elwany [filed October 14, 2010; docket #1] is **granted**. Aspen Systems shall respond to the subpoenas at issue on or before November 30, 2010 and shall designate a party to appear for a deposition at a mutually agreeable date and time.

Dated at Denver, Colorado, this 19th day of November, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge